UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| v. | ) | Criminal No. 5:14-cr-45 | |
| | ) | | |
| JOSE LUIS VASQUEZ, | ) | | |
| Defendant. | ) | By: | Joel C. Hoppe |
| | ) | | United States Magistrate Judge |

**REPORT & RECOMMENDATION**

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge pursuant to 28 U.S.C. § 636(b)(3). The defendant waived the right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

On November 5, 2014, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant in open court and admonished the defendant pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The Court also admonished the defendant that because this plea agreement is under Rule 11(c)(1)(C), if the district judge accepts the plea agreement, the agreed disposition of 120 months imprisonment will be included in the judgment. If, however, the district judge rejects the plea agreement, the district judge will give the defendant an opportunity to withdraw his plea of

1

guilty, and if the defendant chooses not to withdraw his plea of guilty, the district judge is not bound by the plea agreement and may impose a sentence that is more severe than that called for in the plea agreement. The defendant stated that he understood the Court's admonishments.

The attorney for the government stated the essential terms of the plea agreement, which has been filed with the Court, and the defendant and his counsel agreed that those in fact were the terms of the agreement. The defendant further stated that he had read the plea agreement and understood it. Accordingly, the undersigned finds that the defendant understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force or promises other than promises in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned found the defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that he read and discussed the statement of facts with his attorney, agreed that the statement of facts was accurate, and did not contest those facts. Having reviewed the statement of facts, I find that a sufficient factual basis exists for the defendant's guilty plea to the charge. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to the offense of possession with intent to distribute 1,000 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) & 841(b)(1)(A), as alleged in Count One of the Information.

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant understands the defendant's constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the district judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status. Pursuant to the standard set forth in 18 U.S.C. § 3143(a) and based on the following, the undersigned finds that clear and convincing evidence does not exist that the defendant is not likely to flee or pose a danger to the community if released:

The defendant pleaded guilty to an offense listed in 18 U.S.C. § 3142(f)(1)(C), such offense carries a rebuttable presumption of detention, and the defendant did not request release.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

      Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

                              ENTER: November 5, 2014

                              Joel C. Hoppe
                              United States Magistrate Judge